MUNDO, J.
The defendant was charged with and convicted of being a person “who roams about from place to place without any lawful business ’ ’, in violation of the provisions of section 647, subdivision 2, of the Penal Code.
*Supp. 769 The evidence upon which the defendant’s conviction was predicated consisted solely of the testimony of a single police officer, who testified that he had seen the defendant walking on the streets or sitting in public “card rooms” in the city of San Diego, at various hours of the day and night, on ten or twelve occasions during the three months next preceding the date of trial, but that he did not recall any particular time when, or place where, he had ever seen the defendant. The insufficiency of this evidence for conviction is at once apparent. Not only does the testimony lack definiteness as to dates and places, but it is no more than could be offered against any citizen who has occasion to walk upon the city streets or patronize licensed places of business, or who, perchance, may wander about “taking in the sights”.
“Roaming” as used in subdivision 3 is qualified by the phrase “without any lawful business”. If the defendant was moved by the demands of some lawful business he would not be amenable to the charge of vagrancy because of his roaming proclivities. The record herein is entirely silent as regards the business of the defendant; whether it was lawful or unlawful, is not disclosed.
“Place to place” as employed in the subdivision has never, so far as we know, been construed by our courts. The phrase obviously means any substantial change of position and is not necessarily restricted to mean from one city to another. One who roams from one place to another within the city without any lawful business would be amenable to the statute. The evidence in this case, however, is insufficient to show the existence of facts constituting a public offense.
The judgment is therefore reversed.
Haines, P. J., and Turrentine, J., concurred.